CORRIGAN, J.,
Concurring.—I agree with the majority’s conclusion that Penal Code section 190.5, subdivision (b) (section 190.5(b)) imposes no presumption in favor of life without parole. So construed, the statute fully satisfies current federal constitutional concerns. I write separately to stress that California’s individualized, discretionary sentencing scheme is very different from the mandatory life without parole sentence the United States Supreme Court addressed in Miller v. Alabama (2012) 567 U.S. _ [183 L.Ed.2d 407, 132 S.Ct. 2455] (Miller).
Discretionary decisions occur at multiple steps in our state’s process. First, the prosecutor exercises discretion in charging a minor as an adult. Next, unless the crime is one for which trial in criminal court is prescribed (see Welf. & Inst. Code, § 602, subd. (b)),* [1] the court determines whether the minor is unfit to be tried in juvenile court. Finally, if a minor is tried and convicted as an adult, the court makes an individualized determination about the appropriate sentence in light of all the evidence presented.
In Miller, the Supreme Court commented that judicial discretion regarding a minor’s transfer to adult court is of “limited utility” if the court receives only partial information about the minor and circumstances of the offense. (Miller, supra, 567 U.S. at p._[132 S.Ct. at p. 2474].) California’s transfer process entails a substantial inquiry, however. When a motion for transfer is made, the court is required to order an investigation and written report on the minor’s behavioral patterns and social history. (Welf. & Inst. Code, § 707, subd. (c).) The court must also consider “any other relevant evidence” the minor wishes to submit. (Ibid.) Although there is a presumption of unfitness for extremely violent felonies such as murder, it is overcome if the court finds the minor amenable to juvenile court treatment based on an evaluation of (1) the degree of criminal sophistication the minor exhibits, (2) the possibility of rehabilitation, (3) the minor’s history of delinquency, (4) the success of previous attempts at rehabilitation, and (5) the circumstances and gravity of the alleged offense. (Ibid.)
Miller also criticized transfer-stage discretion as a poor substitute for discretion at posttrial sentencing. (See Miller, supra, 567 U.S. at p._[132 *1393 S.Ct. at pp. 2474—2475].) But in California the discretion available to a juvenile court in the transfer process is not a substitute for, but a supplement to, the robust discretion exercised at sentencing. Miller was addressing states in which the only discretionary review of a minor’s background and offense occurs at a pretrial fitness hearing. In those states, once a decision has been made to try a minor as an adult, a life-without-parole sentence is mandatory if the minor is found guilty of the charged offense. (See Miller, at p._[132 S.Ct. at p. 2474].) Evidence presented at the transfer hearing cannot be offered in mitigation at sentencing. (Ibid.) The situation is quite different in California. Courts in our state must consider all relevant circumstances in determining the appropriate sentence for a minor. When a minor between the ages of 16 and 18 is convicted of special circumstance murder, the court has discretion to impose a sentence of 25 years to life imprisonment or life without possibility of parole. (§ 190.5(b).) The harsher sentence is not available for any defendant who was under age 16 when the crime was committed. (Ibid.) This reality again sets California quite apart from the states mentioned in Miller that expose minors to life without parole at “any age— be it 17 or 14 or 10 or 6.” (Miller, at p. _ & fn. 14 [132 S.Ct. at p. 2473].) Even for older teenagers, no mandatory sentence is ever required in California.
Accordingly, while I agree that the concerns expressed in Miller are important, careful attention should be given to how a defendant’s age and maturity actually factor into each case when the court exercises its discretion under section 190.5(b). The special attributes of youth mentioned in Miller may well be present in the case of some minors. There will be other minors, however, who have grown beyond them. It is because each case is different, and should be treated accordingly, that we repose confidence in the discretion of the court to impose a sentence that is appropriate in light of all relevant circumstances. Whether “ ‘appropriate occasions’ ” for sentencing juveniles to life without parole will be uncommon is not a prognostication that should be made globally and in the abstract. (Maj. opn., ante, at pp. 1378, 1379, quoting Miller, supra, 567 U.S. at p._[132 S.Ct. at p. 2469].) The Miller majority made this comment in the context of two 14 year olds, one of whom had a delinquency history comprised of no more than truancy and one instance of “ ‘second-degree criminal mischief.’ ” (Miller, at p._[132 S.Ct. at p. 2469].) As noted, the court was also addressing very different state statutes, which imposed mandatory lifetime sentences on much younger children whose individual circumstances were never considered except at a limited pretrial fitness hearing.
The appropriate sentence for any particular minor remains a question for the sentencing court. As the Miller majority itself observed: “Our decision does not categorically bar a penalty for a class of offenders or type of crime .... Instead, it mandates only that a sentencer follow a certain *1394 process—considering an offender’s youth and attendant characteristics— before imposing a particular penalty.” (Miller, supra, 567 U.S. at p._[132 S.Ct. at p. 2471].) We make clear today that this process is fully embraced in California. The majority opinion here should not be read to suggest otherwise.
Cantil-Sakauye, C. J., Baxter, J., and Chin, J., concurred.

 Trial as an adult is automatic for special circumstance murder only if the prosecutor alleges the minor personally killed the victim. (Welf. & Inst. Code, § 602, subd. (b)(1).)